WELCH, J,
dissenting.
LI respectfully dissent. In its motion for summary judgment, Farm Bureau challenged Ms. Williams’ ability to demonstrate that Buddy presented an unreasonable risk of harm to her. Farm Bureau relied on Ms. Williams’ deposition testimony in which she admitted that she was told by Buddy’s owners to secure Buddy in the bathroom or to spank the dog if he bothered her while she was working. In Ms. Williams’ deposition and affidavit, she explained that she did not believe locking Buddy in the bathroom all day, while she worked for 8-9 hours in the Galofaro home, was a viable option. According to Ms. Williams, on the one occasion when she did lock Buddy in the bathroom, the owners became upset, and she received the message that she was not to lock the dog in the bathroom all day while she worked. She also stated that she informed Ms. Galofaro on at least two occasions that Buddy was interfering with her work and that she just decided to quit complaining because Buddy was “their baby” and because she needed her jobs.[1]
In ruling on the motion for summary judgment, we must accept as true Ms. Williams’ statements that she complained to the owners that Buddy was interfering with her work and that Ms. Williams did not believe she could remedy that situation by locking Buddy in the bathroom all day because of the prior conduct of Buddy’s owners. Whether Buddy presented an unreasonable danger to Ms. |2Williams under these circumstances is a factual question, the resolution of which is not appropriate for summary judgment. Therefore, I *1076 would reverse the summary judgment and remand for a trial on the merits.

. Ms. Williams stated that she also provided housekeeping services for the Galofaro’s rental homes.